UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BADER,

    Petitioner,                                      Civil Action No. 08-CV-11272

v.                                                HON. BERNARD A. FRIEDMAN

C. EICHENLAUB,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Michael Bader has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the results of a prison disciplinary proceeding. For the reasons set forth below, the court shall deny the petition.

I.

Petitioner is serving a 78-month term of imprisonment, to be followed by three years supervised release, for unlawful possession of an unregistered firearm. The sentence was imposed by the United States District Court for the Northern District of Indiana.

In this habeas proceeding, petitioner asks the court to reinstate 27 days of good conduct time which were disallowed after he was found guilty of a disciplinary violation. Petitioner also requests that the court expunge his record. The discipline at issue arose when an FCI-Milan staff member issued an incident report charging petitioner with the possession, manufacture, or introduction of a hazardous tool (greatest offense category), and possession of anything not authorized (moderate offense category), after he found a homemade double-headed drill bit in

petitioner's locker. *See* Incident Report, attached as Exhibit 2 to respondent' response brief. An FCI-Milan staff member photographed the drill bit next to a tape measure to document its length.

A Unit Discipline Committee (UDC) held a hearing on May 31, 2007, one week after issuance of the incident report. At the hearing, petitioner stated that he used the tool to clean his fan. Because of the severity of the charges, the UDC referred the matter to a Disciplinary Hearing Officer (DHO) and recommended seven days disciplinary segregation, loss of seven days of good conduct time, and loss of 30 days commissary, phone, and visitation privileges.

On May 31, 2007, petitioner was provided with advance written notice of the DHO hearing and a notice of his hearing rights. *See* Notice of Disciplinary Hearing Before the DHO and Notice of Inmate Rights During Hearing, attached as Exhibits 5 and 6 to the response brief. Petitioner stated that he did not wish to have a staff member represent him at the hearing or to call witnesses.

The DHO hearing was held on June 19, 2007. Petitioner admitted to possessing the drill bit, but claimed that he used it to clean his fan and that he did not intend to use it for an escape or to cause bodily harm. *See* DHO Report, attached as Exhibit 8 to the response brief. Petitioner was found guilty of the more serious offense (possession of a hazardous tool), but the other, less serious charge was expunged. The DHO imposed the following sanctions for the violation: 30 days disciplinary segregation, disallowance of 27 days of good conduct time, and a 30-day loss of commissary, visitation, and phone privileges.

Petitioner appealed the DHO's decision to the BOP's Regional Office, which affirmed the decision. *See* Regional Administrative Remedy Appeal, attached as Exhibit 9 to the response brief. Petitioner then appealed to the BOP's National Administrator of Inmate Appeals,

which denied the appeal. *See* Exhibit 10 to the response brief.

Petitioner then filed the instant habeas petition, in which he argues that his due process rights were violated because he was not provided with a photocopy of the drill bit and because his UDC hearing was not held within three working days of his receipt of the incident report.

II.

When a prison disciplinary hearing may result in the loss of good conduct credits, a prisoner must receive the following due process protections: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with reasonable concerns regarding institutional and individual security and safety, to call witnesses; (3) an opportunity to present his own testimony and documentary evidence; and (4) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

The BOP disciplinary process is outlined in the Code of Federal Regulations. *See* 28 C.F.R. §§ 541.10 - 541.23. These regulations dictate the manner in which disciplinary action may be taken in the event a prisoner violates, or attempts to violate, institutional rules. The first step requires the filing of an incident report and investigation pursuant to 28 C.F.R. § 541.14. The matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration of more than minor sanctions or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a DHO for a finding. *See* 28

C.F.R. § 541.15. The UDC may extend time limits imposed in § 541.15 "for a good cause shown by the inmate or staff and documented in the record of the hearing." 28 C.F.R. § 541.15(k).

Petitioner alleges that his due process rights were violated because his UDC hearing was not held within three days of the incident. The hearing record shows that the UDC hearing was conducted two days late because of a staff shortage.

> The relevant regulation provides that a UDC hearing is
>
> ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

28 C.F.R. § 541.15. The regulation provides the BOP some flexibility in scheduling a UDC hearing. "Use of the phrase 'ordinarily' in the regulation implies that the three days is more of a guideline than a hard and fast deadline." *Howard v. Beeler*, 1992 WL 67830, at *3 (N.D. Ill. Mar. 24, 1992). In this case, the reason for the delay, a staff shortage, was documented in the hearing record and constitutes good cause. Accordingly, the court finds that petitioner's due process rights were not violated by the two-day delay in conducting the hearing. *See Estrada v. Williamson*, 240 Fed. App'x 493 (3rd Cir. 2007) (UDC hearing held six days late did not violate due process); *Booth v. Patton*, 2009 WL 1636391, *3 n.1 (E.D. Ky. June 10, 2009) (even if inmate "demonstrated noncompliance with the time requirements of Section 541.15(b), because the requirements of that section are not mandated by the Constitution, the BOP's failure to adhere to them fails to state a constitutional claim under the Due Process Clause"); *Thibodeau v. Watts*, 2006 WL 89213, *4 (M.D. Pa. Jan. 11, 2006) (hearing held four days late did not violate due process); *Cabrera v. Veach*, 2006 WL 2547985, *3 (C.D. Ill. Aug. 31, 2006) (failure to comply with three-day rule does not violate due process).

Petitioner also argues that his due process rights were violated because he was not

provided with a photocopy of the drill bit. The due process protections set forth in *Wolff* do not require that physical evidence be provided to an inmate. Moreover, where revocation of good time results from the disciplinary process, the minimum requirements of procedural due process are satisfied if "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 452 (1985). "This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455 (internal quotation omitted). Determining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-46.

The evidence before the DHO included a BOP employee's report of finding a homemade drill bit in petitioner's locker, an investigation conducted by a lieutenant, petitioner's admission that the drill bit was his, and the photograph of the drill bit. The court finds that this evidence is more than sufficient to satisfy the "some evidence" standard of *Hill*.

III.

Also before the court is petitioner's "Motion to Strike Evidence Submitted as 'Government Exhibit 4.'" Petitioner seeks to strike a photocopy of the photograph of the drill bit submitted as an attachment to the response brief. Petitioner challenges the authenticity and quality of the photocopy. The court has not relied on the photocopy in addressing the merits of the petition. Therefore, the motion shall be denied as moot.

IV.

For the reasons stated above,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's "Motion to Strike Evidence Submitted as 'Government Exhibit 4'" is denied as moot.

        S/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated:  August 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2009, by electronic and/or ordinary mail.

        S/Carol Mullins
        Case Manager